UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

WILL GRIMSLEY,

        Defendant.
_____/

CRIMINAL ACTION NO. 04-80005
                04-80051

DISTRICT JUDGE JULIAN ABELE COOK, JR.

MAGISTRATE JUDGE VIRGINIA M. MORGAN

**REPORT AND RECOMMENDATION
TO DENY DEFENDANT'S MOTION TO COMPEL**

**I. Introduction**

This matter comes before the court on defendant's Motion to Compel the Government to File a Motion to Reduce Defendant's Sentence.[1] For the reasons stated below, the court recommends that the motion be denied.

**II. Background**

On July 8, 2004, defendant pleaded guilty to one count of possession of a firearm by a felon, 18 U.S.C. § 922(g), and two counts of distribution of cocaine, 21 U.S.C. § 841(a)(1), pursuant to a Fed.R.Crim.P. 11 plea agreement (Criminal No. 04-80005, D/E 18, p. 2; Criminal No. 04-80051, D/E 11, p. 2). Within that agreement, the parties agreed that a "sentence of no more than 78 months of imprisonment is an appropriate disposition of the case" and that defendant would be subject to

---

[1]The court does not construe this as a motion brought under 28 U.S.C. § 2255. See, discussion, *infra*.

- 1 -

supervision following his release (Criminal No. 04-80005, D/E 18, pp. 3-4; Criminal No. 04-80051, D/E 11, pp. 3-4). The parties also agreed that the government was released from its promises if defendant tried to withdraw his guilty plea at any time and that defendant waived his right to appeal (Criminal No. 04-80005, D/E 18, pp. 6-7; Criminal No. 04-80051, D/E 11, pp. 6-7). The plea agreement contained a provision stating that it was "the entire agreement between defendant and the U.S. Attorney with respect to the charges noted above in this criminal case" (Criminal No. 04-80005, D/E 18, p. 7; Criminal No. 04-80051, D/E 11, p. 7).

On the same day he signed the plea agreement, defendant signed two guilty plea questionnaires. In both questionnaires, defendant agreed that he fully understood every provision within the proposed Rule 11 plea agreement and that he had not been induced or persuaded to offer the guilty plea because of any promise (other than the Rule 11 plea agreement), threat, undue influence or duress. (Criminal No. 04-80005, D/E 17, p. 5; Criminal No. 04-80051, D/E 13, p. 5.)

On September 30, 2005, defendant was sentenced to 78 months imprisonment for the possession of a firearm by a felon conviction, and a total term of 78 months imprisonment for the two distribution of cocaine convictions, with both sentences running concurrent with the other (Criminal No. 04-80005, D/E 30; Criminal No. 04-80051, D/E 22).

On September 5, 2006, defendant filed a motion to compel in which defendant asked for an order "directing the United States Attorney's Office who handled this case to honor its concessions in a 'deal' outside the plea agreement for 'substantial assistance in the prosecution of others.'" Defendant alleged that, in the presence of attorney Thomas V. Wilhelm, Assistant United States Attorney Michael Riordan promised defendant a "downward departure" for defendant's assistance with law enforcement in the prosecution of others, where the assistance rendered has led to the

conviction of others. Defendant also alleges that attorney Robert Kinney was present at defendant's sentencing. (Criminal No. 04-80005, D/E 32; Criminal No. 04-80051, D/E 24.)

On January 29, 2007, the government filed a response to defendant's motion to compel. The government first argues that this Court lacks authority to consider this matter because, once a court imposes a sentence, there are very few opportunities for changing the sentence and defendant has not availed himself of any of those opportunities. The government also argues that, even if this Court were to consider defendant's motion, he has not offered one scintilla of evidence that he had a deal with the government outside of the Rule 11 plea agreement. (Criminal No. 04-80005, D/E 39.)

**III. Analysis**

    **A. Nature of Motion**

As noted by the government, defendant's motion could be construed a motion pursuant to 28 U.S.C. § 2255. The mere fact that defendant did not label his motion as such is not dispositive, as courts sometimes, under a longstanding practice, treat as a request for habeas relief under 28 U.S.C. § 2255 a motion that a pro se federal prisoner has labeled differently. Castro v. United States, 540 U.S. 375, 377 (2003). Nevertheless, while it has the power to do so, the court should not recharacterize defendant's motion to compel as a request for habeas relief under 28 U.S.C. § 2255. Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the sentence was imposed in violation of the Constitution or laws of the United States, imposed by a court that did not have jurisdiction, in excess of the maximum penalty authorized by law, or is otherwise subject to collateral attack. In this case, even if the motion is viewed as a collateral attack on defendant's sentence, defendant is not asking the court to vacate, set aside, or correct his sentence. Instead, defendant is clearly asking

the court to compel the government honor its "deal" with defendant and to file a motion for a downward departure in defendant's sentence because of defendant's substantial assistance in the prosecution for others.

Whether or not it is required to do so in this case, the government does have the ability to file such a motion. Fed.R.Crim.P. 35(b)(2) provides that

> Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>
> (A) information not known to the defendant until one year or more after sentencing;
>
> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>
> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Moreover, as will be discussed below, courts have allowed defendants to make such motions to compel and, in limited circumstances, will review the government's decision not to seek a reduction of a sentence.

Defendant has made a clear choice in what remedy he seeks and courts may provide such a remedy. Defendant is not explicitly attacking his original sentence pursuant to 28 U.S.C. § 2255 and characterizing his claim as such could "have serious consequences for the prisoner, for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a 'second or successive' (but not upon a first) federal habeas motion." Castro v. United States, 540 U.S. 375, 377 (2003). Given the language of the motion, the availability of a remedy,

and the dangers of recharacterization, defendant's motion should be construed as a motion to compel the government to file a motion seeking a reduction in defendant's sentence.[2]

**B. Fed. R. Crim. P. 35(b)(2)**

As noted above, Fed. R. Crim. P. 35(b)(2) provides that a court may only reduce a sentence because of substantial assistance "[u]pon the government's motion." In this case, the government has not made such a motion and defendant challenges the government's decision not to do so. The type of review, if any, of that decision depends on whether there was an agreement between the parties and, if so, what that agreement entailed. Where there is no agreement in place, or where "the agreement allocates complete discretion to the government to consider whether a substantial assistance motion should be filed, [courts] may only review the government's decision for unconstitutional motives." United States v. Moore, 225 F.3d 637, 641 (6th Cir. 2000)[3], citing United States v. Benjamin, 138 F.3d 1069, 1073 (6th Cir.1998) (holding that with respect to plea agreements where the government reserves discretion to file a substantial assistance motion, "a district court may only review the government's refusal to make the motion to determine whether the refusal is based on unconstitutional considerations, such as the defendant's race"). On the other

---

[2] If the court wishes to recharacterize the motion as a request for habeas relief under 28 U.S.C. § 2255, it must inform defendant of its intent to do so, warn defendant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provide defendant with an opportunity to withdraw, or to amend, the filing. Castro v United States, 540 U.S. 375, 377 (2003).

[3] United States v. Hawkins, 274 F.3d 420, 426-435 (6th Cir. 2001)( per curiam ) criticized Moore at length while applying it, noted a circuit split, and suggested en banc review to reconsider Moore. That en banc review never occurred and Moore is still the controlling law, as it was in Hawkins.

hand, when the government bargains away its discretion and agrees to a plea agreement in which it promises to file a substantial assistance motion, [courts] may ascertain whether the government complied with the terms of the agreement. United States v. Moore, 225 F.3d 637, 641 (6th Cir. 2000). Mere allegations that a defendant provided substantial assistance are insufficient to invoke court review. United States v. Hawkins, 274 F.3d 420, 426 (6th Cir. 2001)[4].

In this case, defendant alleges that he had an agreement with the government, but he does not address how that agreement allocates discretion, if at all. Moreover, defendant does not offer any evidence that an agreement existed. While defendant alleges that attorney Thomas V. Wilhelm was present at the time the promise was made, neither Wilhelm nor defendant provided an affidavit stating that an agreement was in place. The evidence does show that, on the same day he signed the plea agreement, defendant signed two guilty plea questionnaires in which defendant agreed that he had not been induced or persuaded to offer the guilty plea because of any promise other than the Rule 11 plea agreement, which supports the view that there was no deal. Considering those guilty plea questionnaires and the lack of evidence in support of movant's claims, this court must find that there was no agreement regarding a motion by the government for a reduction in sentence because of substantial assistance.

As discussed above, where there is no agreement in place, this court may only review the government's decision for unconstitutional motives." United States v. Moore, 225 F.3d 637, 641

---

[4]The above-cited cases all discuss United States Sentencing Guidelines § 5K1.1, which provides: "Upon a motion of the government stating that the defendant has provided substantial assistance in the investigation of another person who has committed an offense, the court may depart from the guidelines." However, since the primary difference between U.S.S.G. § 5K1.1. and Fed. R. Crim. P. 35(b)(2) is merely the time of the government's motion, the cases should apply here.

(6th Cir. 2000), citing United States v. Benjamin, 138 F.3d 1069, 1073 (6th Cir.1998). Here, because defendant is not arguing that the government acted with unconstitutional motives, this case is virtually indistinguishable from Moore. This means that the district court's inquiry ends and no court is able to review the government's refusal to file a motion for downward departure. United States v. Hawkins, 274 F.3d 420, 428 (6th Cir. 2001).

**IV. Conclusion**

For the reasons stated above, the court recommends that the motion to compel brought by defendant be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: July 6, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on July 6, 2007.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan