UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                            Case number 04-80005
v.                                     Honorable Julian Abele Cook, Jr.

WILL GRIMSLEY,

        Defendant.

ORDER

On January 6, 2004, the Defendant, Will Grimsley, was indicted for having distributed cocaine, in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Subsequent to the acceptance of his guilty plea by the Court on July 8, 2004, he was placed in the custody of the Bureau of Prisons for a period of seventy-eight months.[1] On September 5, 2006, Grimsley filed a motion to compel, in which he asked the Court to direct the United States Attorney's Office to honor the terms of an alleged "deal" outside of his plea agreement that had allegedly been made by him with the Government. On July 6, 2007, Magistrate Judge Virginia M. Morgan, to whom this motion had been submitted for an evaluation, produced a report in which she recommended, in essence, that Grimsley's motion to compel be denied.[2]

---

[1] In essence, Grimsley pled guilty on three separate counts (two counts for distribution of cocaine and one count for being a felon in possession of a firearm) in two Indictments, cases 04-80051 and 04-80005.

[2] The magistrate judge opined that she had not construed Grimsley's motion as a request for relief under 28 U.S.C. § 2255 inasmuch as he had not asked the Court to vacate, set aside, or correct his sentence.

1.

In its evaluation of Grimsley's motion, the Court turns to Fed.R.Civ.P.35(b)(2) which establishes a framework for modifying a sentence of an individual who has provided "substantial assistance" to the Government.[3] In overlooking the requirement within this Rule which places an obligation upon the Government to initiate the process with a motion, Grimsley has urged the Court to direct the United States Attorney to file a pleading that would give recognition to the level and quality of his cooperation. However, the applicable language in Rule 35(b)(2) clearly provides that a federal court may only review the Government's failure or refusal to file such a motion for reasons that are based on alleged violations of the United States Constitution. *United States v. Moore,* 225 F.3d 637, 641 (6th Cir. 2000). If the Government commits to the terms of a plea agreement and, in so doing, promises to file a motion in exchange for having received substantial assistance from a defendant, a reviewing court must evaluate whether the alleged contractual terms have been satisfied. *Id.* On the other hand, mere allegations by a defendant who alleges that he has provided substantial assistance to the Government are - without more - insufficient grounds upon which to invoke a judicial review by a federal court. *United States v. Hawkins,* 274 F.3d 420, 426 (6th Cir. 2001).

It should be noted that the language in the written plea agreement in this case indicates that it represents all of the promises and commitments between Grimsley and the Government.

---

[3] Fed. R. Crim. P. 35(b)(2) reads as follows:
Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
(A) information not known to the defendant until one year or more after sentencing;
(B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
© information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Contemporaneously with the execution of the written agreement, Grimsley signed two guilty plea questionnaires in which he acknowledged his full understanding of each provision within the then-proposed Rule 11 plea agreement in its entirety. Grimsley, in asserting that his guilty plea had been intelligently and voluntarily proffered to the Court by him during the sentencing hearing, acknowledged under oath that he had not been induced or persuaded to forego his right to a trial under the United States Constitution in exchange for any promises by the Government.

Nevertheless, Grimsley contends in his motion that he was promised a downward departure in his sentence in exchange for his assistance in the prosecution of other persons whom agents of the federal government believed were involved in some form of criminal activity.[4] Contending that he has given substantial information to federal agents which led to the apprehension and conviction of known criminals, it is Grimsley's belief that the federal government should now be required to fulfill its obligations to him. The Government responds by arguing, in part, that Grimsley, as the proponent of this motion, has failed to proffer any substantive evidence upon which to support his position.

II.

In her evaluation of the record, the magistrate judge opined that the Government's declination to file a motion for a downward departure on the basis of the alleged substantial assistance to the federal government by Grimsley does not constitute an unconstitutional act. Thus, it was her view that Grimsley had failed to proffer any meaningful evidence - other than merely overly broad assertions - regarding the existence of his alleged agreement with the federal

---

[4]Grimsley identified defense attorneys, Thomas V. Wilhelm and Robert Kinney, as well as Assistant United States Attorney, Michael Riordan, as being present with him during the meeting in which the alleged "deal" was made.

government. She also observed that neither of the defense attorneys, both of whom were allegedly present during the informal meeting with the federal government representatives during which the "deal" was formulated, submitted affidavits which supported Grimsley's position on this issue. Thus, on the basis of these findings, the magistrate judge concluded that no agreement existed between Grimsley and the Government.

III.

Following its review of the official record in this cause and relying, in part, upon the analysis as well as the conclusions of the magistrate judge, the Court is satisfied that no agreement which is enforceable under the law existed between the parties (i.e., the Government and Grimsley). The Court also notes that Grimsley signed two guilty plea questionnaires in which he denied having been influenced by any inducement, duress, persuasion, or additional promises (other than the Rule 11 agreement) made in exchange for his pleas of guilt.

Hence, and for the reasons that have been stated above, this Court, in adopting the recommendation of the magistrate judge, denies Grimsley's motion to compel.

IT IS SO ORDERED.


Dated:   August 23, 2007                              s/ Julian Abele Cook, Jr.
         Detroit, Michigan                            JULIAN ABELE COOK, JR.
                                                      United States District Court Judge


Certificate of Service

I hereby certify that on August 23, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

s/ Kay Alford
Courtroom Deputy Clerk